CHANCERY.

*Case* 100.

June 22.

Case stated.

# Jamison *vs* Burton's Heirs.

## ERROR TO THE GARRARD CIRCUIT.

*Non-residents. Opening Decrees. Chancery Practice.*

JUDGE GRAHAM delivered the opinion of the Court.

SOME years since, Argalus Pancake exhibited his bill in chancery against Jamison, for the purpose of procuring a decree rescinding a contract of purchase of a tract of land, because of alleged fraudulent representations of Jamison, and because Jamison had no title whatever to the land. Jamison being a non-resident, order of warning and traverse was had as to him, and an attorney at law duly appointed to defend the suit for him. The administrators of the estate of C. F. Burton, deceased, were, on their petition, and in obedience to a rule of Court, made defendants to the bill, and filed

their answer, making it a cross bill against Jamison. They charge that their intestate had sold the land to Jamison, had received a small part of the price, and that a large portion of the purchase money was yet due; that the title was yet in the heirs of Burton, and they are also made defendants to the cross bill. They pray a decree subjecting to sale the tract of land to satisfy the residue of the money yet due from Jamison to Burton's representatives. Warning order and traverse was had on this cross bill. The heirs of Burton answered the bill and cross bill. It is unnecessary to trace the history of the cause farther than to say, that in June, 1847, a decree was rendered rescinding the contract between Pancake and Jamison, and directing the value of rents and improvements to be ascertained, and decreeing that Burton's administrators are entitled to the prior and superior lien on the land for the amount of the purchase money due from Jamison to Burton. Pancake brought the case to this Court by writ of error, and the counsel for Jamison assigned cross errors.

The decree in December, 1847, was affirmed by this Court upon the original and cross errors. At the May term, 1848, of the Circuit Court, Jamison's answer and cross bill was filed, he being yet a non-resident, and having given bond with security for costs as required by law. At a subsequent term of the Court, on motion of the defendants, Burton's administrators, the order granting leave to Jamison to file his answer was set aside, a final decree rendered, directing the land to be sold, which has been done, and the sale confirmed by the Court. Jamison has again brought the case to this Court by writ of error. The only question now to be determined, is the propriety of setting aside the order permitting the answer to be filed. If filed, or permitted to be filed, without right under the law to do so, it was not improper to set aside the order permitting it to be done. The answer was sworn to, not by Jamison, but by his attorney in fact, stating " that he believes the facts stated and set forth in said cross bill and answer, are true to the best of his knowledge and belief."

JAMISON
*vs*
BURTON'S HEIRS.

JAMISON
*vs*
BURTON'S HEIRS.

To authorize the filing of an answer of a non-resident after a decree has been rendered in a cause to which he was party, by constructive service of process, the answer should be sworn to by the party himself, or by some one *possessing a knowledge* of the facts set forth in the answer.

To authosize a non-resident to file his answer to a bill, at any time within seven years from the time of the rendition of the decree, in a case like the present, it is not, in our view, necessary that he should in *pro- pria persona, return* and *appear openly*, as is provided by the 3d section of the statute of 1796. (1 *Dig*. 93.) That section is applicable only to cases "where the de- fendants or persons within this State have in their hands effects of, or are otherwise indebted to, the absent de- fendant," and where the object of the suit is to reach such effects or indebtedness. This case is however em- braced by the 4th section of the same act, which pro- vides that in all cases concerning any matter or thing whatever, where a decree is rendered against an absent defendant, "he may at any time within seven years, be permitted to file his answer, and to show cause why the decree should be set aside." The 4th section of the act of 1827, (1 *Dig*. 99,) applies this section and proviso to non-residents, as well as absent defendants. Another objection to the filing of the answer has been suggested, which is entitled to more weight. The answer was not sworn to by Jamison, but by his agent; and the agent does not verify its statements, but merely states that he believes they are true. He makes no statement that he has any personal knowledge of the facts, or that he has any information upon the subject. It may be that he believes them, only because he finds the statements in the answer, and believes that Jamison would not tell a falsehood. The law requires answers to be sworn to, so that by operating on the conscience of the affiant, thus solemnly appealing to his Creator, a disclosure of the truth may be had. To attain that end, the answer should either be sworn to by the respondent himself, or by some one for him having some knowledge or infor- mation as to the truth of the facts set forth in it. One who has lain by for years, permitting a suit to progress to final decree against him, ought to be required to bring himself strictly within the law, before he should be permitted to disturb such proceedings. Jamison has not done so in this case. There was no error in reject- ing his answer. The order rejecting it will not preclude

him from presenting himself in that attitude, which will require that be be permitted to show cause, if any he has, against the decree.

Wherefore, the order rejecting the answer is affirmed.

*Bradley* for plaintiff; *J. and W. L. Harlan* for defendants.